## Lee C. Smith v. John K. Houston.

**Bills and Notes—Settlement in Lands—Usury.**

> Where notes, upon which usurious interest is alleged to have been charged, is settled by payment in lands, only the amount the land is worth over the amount of the lebt and six per cent interest, constitutes the usury paid.

APPEAL FROM SCOTT CIRCUIT COURT.

January 15, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Appellant having loaned appellee money in 1857, took his note for $1000, payable in one year, bearing ten per cent. interest from date; in 1862 and in 1863 appellant took from him two other notes, one for $200 and one for $40.

In 1867 these parties came to a settlement, when appellee proposed to pay ten per cent. per annum, but appellant said he only claimed six per cent. interest, but on appellee's insisting a calculation was made at ten per cent. per annum interest, and compounded annually; when the gross sum was thus ascertained appellant took lands, and interests in dower lands, at the agreed sum of $2786.66, as shown by the deed of conveyance then executed. Leaving still a balance of $251.16, for which he then executed his note to appellant.

Within less than year from this transaction he sued appellant to recover back amount of usurious interest so paid, which after deducting the amount of said note for $251.16, he claimed to be $866.46, and for which he recovered a judgment.

Appellant resisted any recovery, because he said he had taken the land greatly over its cash value which was not sufficient to pay his debts with six per cent. interest thereon.

The evidence shows that currency, when this money was loaned, in 1857, was equal to gold and the note was executed for dollars, and under the decision of this court, was legally demandable in gold.

The evidence establishes that the land taken by appellant was nominally worth its price in the then depreciated currency of the country.

So that for lands worth the nominal amount in depreciated currency, appellee paid his large debt of gold value, when created and demandable in gold, even if the smaller and last notes may be presumed to have been executed for depreciated currency, and recovered a judgment also demandable in gold.

As this debt for $1000 was of gold value when created, and demandable in gold when discharged by the land, its value to that extent, at least as rated by gold when the land was traded, should be ascertained. Indeed unless the averments of plaintiff should show that the last notes were for a depreciated currency, the land should be rated by gold, as to these also.

It is only what the land was worth as so rated over the amount these debts with six per cent, interest thereon that constitutes the real amount of usury paid and received.

As the parties were brothers-in-law and seem to have intended the arrangement in 1867 as a settlement in full, we perceive no evidence in this case requiring the jury to go behind it to estimate other items brought in by both parties after their original pleading, and which so much savors of after thoughts as fully to justify the jury in the disregard of them.

But as the instructions did not comport with these views and the judgment is manifestly unjust, it is reversed, with directions for a new trial and further proceedings consistent herewith.

*Robinson, Polk,* for appellant.

*Shepard, Darnaby,* for appellee.